RINGGOLD (LETOURNO v.). See Case No. 8,282.

RINGGOLD (LEVY COURT OF WASHINGTON COUNTY v.). See Case No. 8,305.

## Case No. 11,847.

### RINGGOLD v. LEWIS.

[3 Cranch, C. C. 367.] [1]

Circuit Court, District of Columbia. Dec. Term, 1828.

MARSHAL—FEES—POUNDAGE—ACTUAL CUSTODY.

The marshal is not entitled to poundage upon the attachment of "the money and bank notes of the defendant, in the office of discount and deposit of the Bank of the United States, at Washington, and to his credit there"; the money and bank notes not having been taken into his actual custody, so as to make himself chargeable therefor.

Action on the case, for poundage fees, upon an attachment in favor of Lewis, against Farrow.

The attachment was issued under the Maryland act of 1795, c. 56. The return of the marshal was in these words: "Attached the money and bank notes of Nimrod Farrow, as per schedule. Also, attached the money and bank notes and credits of said Farrow, in the office of discount and deposit of the Bank of the United States, at Washington, and summoned Thomas Swann, president of the said office of discount and deposit, as garnishee, in the presence of N. L. and E. H., May 17, 1825. Also, attached credits, May 17, 1825, in the hands of S. M. and A. C. C., two of the directors of the said branch bank, and R. S., cashier of said bank, and summoned them, as garnishees, in presence of H. T. W. and C. W. F."

The schedule referred to in the return was as follows: "We, the subscribers, being sum-

[1] [Reported by Hon. William Cranch, Chief Judge.]

moned and sworn by the marshal of the District of Columbia, in virtue and by authority of writ of attachment No. 19, appearances for the county of Washington to December term, 1825, Joseph Lewis v. Nimrod Farrow, to appraise and value the goods and chattels, lands and tenements of Nimrod Farrow, do value and appraise as per the following schedule: Schedule. The money and bank notes of Nimrod Farrow, this day in the office of discount and deposit of the Bank of the United States, at Washington, and to his credit there, amounting to ten thousand eight hundred and two dollars and thirty-five cents; valued and appraised at $10,802.35. Valued and appraised this 17th day of May, 1825. Witness our hands and seals." W. H. (Seal.) C. W. F. (Seal.) H. T. W. (Seal.) J. D. (Seal.)

The Maryland act of 1799, c. 25. § 3, gives the sheriff, "for all goods and chattels which any sheriff shall attach and take into his possession, or wherewith he shall be chargeable, the same fees as on executions."

Mr. Key and Mr. Lear, for plaintiff, contended that the marshal's return was conclusive upon the facts therein stated; and that it did appear by the return that he did take the money and bank notes into his own hands, and was chargeable therewith. If they had been in a bag there could be no question; and it does not appear that they were not.

Mr. Jones, for defendant. It must be such property as is liable to be taken in execution, and must be actually taken into the exclusive possession of the marshal, so as to make him liable therefor. If he find the property in the hands of a third person, he has no right to take it out of his possession, but must summon him as garnishee. The return only shows that the money and bank notes were standing to the credit of Farrow in the bank, and the president, directors, and cashier were summoned as garnishees, which shows that the money and bank notes were not taken out of their possession, and that, consequently, the marshal was not liable therefor. They were never transferred from the credit of Farrow to that of the marshal on the books of the bank. An execution cannot be levied on money in the hands of a third person. The case of Turner v. Fendall, 1 Cranch [5 U. S.] 117, is conclusive upon that point.

THE COURT (MORSELL, Circuit Judge, contra) was of opinion that the marshal was not entitled to poundage on the bank notes, being of opinion, from his return, that if they could lawfully be taken. (of which they doubted,) they were not taken into his actual custody so as to make himself chargeable therefor; but that from the return it appears that he attached only the money and bank notes standing to the credit of N. Farrow in the bank.